# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| GINKO, LLC<br><br>*Plaintiff*,<br><br>v.<br><br>APPLE INC.,<br><br>*Defendant*. | Case No. 1-24-cv-01279-DAE<br><br><br><br>JURY TRIAL DEMANDED |

## SCHEDULING ORDER

The scheduling recommendations provided by the parties are adopted by the Court. Therefore, the following dates are entered to control the course of this case:

1. The parties must mediate this case on or before **August 21, 2026** and file a report in accordance with Rule 88 after the mediation is completed.

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties by **7 days after a claim construction order has issued** and each opposing party shall respond, in writing, by **21 days after receipt of a settlement offer.** All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

3. The parties shall file all motions to amend or supplement pleadings or to join additional parties by **6 weeks after the claim construction order.**

4924-8733-7532

2

4. Plaintiff shall serve its preliminary infringement contentions by **July 25, 2025.** These contentions should be in the form of claim charts setting forth where in the accused product(s) each element of the asserted claim(s) is found. Plaintiff shall also identify whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the accused instrumentality, the earliest priority date (i.e., the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit.

5. Defendants shall serve preliminary invalidity contentions by **September 26, 2025**. These contentions should be in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations that Defendants contend are indefinite or lack written description or enablement support under section 112, and (3) an identification of any claims the Defendants contend are directed to ineligible subject matter under section 101. Defendants shall also produce all prior art referenced in the invalidity contentions and technical documents, including software where applicable, sufficient to show the operation of the accused product(s).

6. The following schedule shall apply to claim construction proceedings in this case:

   a. On or before **October 17, 2025,** the parties shall concurrently exchange a list of claim terms a party believes should be construed by the Court and identify any claim element a party contends should be governed by 35 U.S.C. § 112(f).

   b. On or before **November 7, 2025** the parties shall concurrently exchange proposed constructions for all claim terms identified by both parties in the

concurrent exchange, including initial citations to any intrinsic evidence offered in support.

c. On or before **November 21, 2025,** the parties shall disclose extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony. With respect to items of extrinsic evidence, the parties shall produce a copy of any such item if not previously produced.

d. On or before **December 12, 2024** the parties shall meet and confer to narrow terms in dispute and exchange revised lists of terms and proposed constructions, if any.

e. On or before **January 16, 2026,** Defendant Apple shall file its Opening Claim Construction Brief with supporting evidence, including any declarations of expert witnesses in support of claim construction. The page limit for the Opening Claim Construction Brief shall be 20 pages, exclusive of the caption, signature block, any certificate, and exhibits.

f. On or before **February 13, 2026,** Plaintiff Ginko shall file its Responsive Claim Construction Brief with supporting evidence, including any responsive declarations of expert witnesses in support of its responsive positions. The page limit for the Responsive Claim Construction Brief shall be 20 pages, exclusive of the caption, signature block, any certificate, and exhibits.

g. On or before **March 6, 2026,** Defendant Apple shall file its Reply Claim Construction Brief. The page limit for the Reply Claim Construction Brief shall

3

      be 10 pages, exclusive of the caption, signature block, any certificate, and exhibits.

  h.  On or before **March 27, 2026,** Plaintiff Ginko shall file its Sur-Reply Claim Construction Brief. The page limit for the Sur-Reply Claim Construction Brief shall be 10 pages, exclusive of the caption, signature block, any certificate, and exhibits.

  i.  On or before **April 1, 2026,** Plaintiff Ginko shall file the Joint Claim Construction Chart, which shall include the final set of proposed terms for constructions, the constructions proposed by both parties, and final citations to the intrinsic and extrinsic evidence relied upon by each party for each proposed construction.

  j.  If the Court deems it necessary to receive technical tutorials from the parties, the parties shall submit such tutorials **at least 10 business days** before the claim construction hearing.

  k.  The *Markman* hearing will be conducted at 9 A.M. on May 5, 2026.

7.  Fact Discovery shall open one week after the claim construction hearing.

8.  **Within 21 days after the claim construction order is issued**, the parties shall meet and confer regarding narrowing the claims and prior art.

9.  Final Infringement Contentions and Final Invalidity Contentions. The deadline for serving Final Infringement Contentions shall be **six weeks** after the claim construction order is issued. After this date, leave of Court is required for any amendment to infringement contentions. The deadline for serving Final Invalidity Contentions shall be **eight weeks** after the claim construction order is issued. After this date, leave of Court is required for any amendment to

invalidity contentions. These deadlines do not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions.

10. The parties shall complete all fact discovery **30 weeks after the claim construction hearing**.

11. All parties asserting claims for relief shall file their designation of testifying experts and shall serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) by **31 weeks after the claim construction hearing**. Parties resisting claims for relief shall file their designation testifying experts and shall serve on all parties, but not file the materials required by Fed. R. Civ. P. 26(a)(2)(B) by **36 weeks after the claim construction hearing.** All designations of rebuttal experts shall be designated within fourteen (14) days of receipt of the report of the opposing expert.

12. The parties shall complete all discovery **40 weeks after the claim construction hearing**. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

13. All dispositive motions shall be filed no later than **44 weeks after the claim construction hearing**. Dispositive motions as defined in Local Rule CV-7(c) and responses to dispositive motions shall be limited to twenty (20) pages in length no later than 14 days after service of the motion. Replies, if any, shall be limited to ten (10) pages in length in accordance with Local Rule CV-7(e) and filed no later than 7 says after service of the response. **If parties elect not to file dispositive motions, they must contact the courtroom deputy on or before this deadline in order to set a trial date.**

14. The hearing on dispositive motions will be set by the Court for a date after the deadline for responses and replies.

15. The Court will set the case for trial by separate order. The order will establish trial type deadlines to include pretrial matters pursuant to Local Rule CV-16(e)-(g).

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE DAVID A. EZRA
SENIOR U.S. DISTRICT JUDGE

4924-8733-7532