**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| GINKO, LLC,<br><br>Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br><br>Defendant. | Civil No. 1-24-cv-01279<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO CONDUCT VENUE DISCOVERY AND EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO TRANSFER**

Plaintiff Ginko, LLC ("Ginko") respectfully moves this Court for leave to conduct limited discovery on the issue of venue and an extension of time to respond to Defendant Apple, Inc.'s ("Apple") pending Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a), and in support states as follows:

## INTRODUCTION

Apple filed its pending Motion to Transfer Venue under 28 U.S.C. § 1404(a) on July 16, 2025. *See* Dkt. 42. Apple does not deny that it is subject to the jurisdiction of this Court but rather argues that the United States District Court for the Northern District of California is a more convenient venue to litigate Ginko's claims. Apple contends that the accused functionality that is the subject of this litigation was designed and developed in California, and that all relevant witnesses, documents, and source code reside there.

To fully respond to Apple's arguments, and to ensure that this Court has a complete factual record before ruling on Apple's motion, Ginko seeks leave to conduct limited, expedited discovery relevant to venue determination and the arguments that Apple has raised in its motion. Ginko proposes serving Apple discovery that consists of five interrogatories, five requests for

production, and 10 hours total of deposition. (See Proposed Discovery Attached as Exhibit 1). Ginko further requests that its deadline to respond to Apple's Motion to Transfer be extended until 14 days after the close of such discovery. Counsel for the Parties have met and conferred in a good-faith attempt to resolve this issue as required by Local Rule CV-7(G) and Ginko sent to Apple the proposed written discovery requests (attached as Exhibit 1). Apple opposes the RFPs Ginko has proposed, but would agree that Ginko can serve up to 5 interrogatories and take up to 10 hours of deposition related to venue, while reserving all rights to object to the specific discovery served. As such, the only actual dispute currently between the Parties is whether Ginko should be permitted to serve the five requests for production that it has proposed.

## LEGAL STANDARD

District courts have broad authority to grant requests for venue discovery before deciding whether venue is improper. *Delta Elecs., Inc. v. Vicor Corp.*, 724 F. Supp. 3d 645, 656 (W.D. Tex. 2024). Venue discovery may be warranted where the plaintiff presents a non-frivolous basis for venue, the motion to transfer raises issues of fact, or a more satisfactory showing of the facts is necessary. *Id.* at 656–57 (citing *Villar v. Crowley Mar. Corp.*, 990 F.2d 1489, 1501–02 (5th Cir. 1993) (Johnson, J., concurring in part, dissenting in part); *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982); *Health Grades, Inc. v. Decatur Mem'l Hosp.*, 190 F. App'x 586, 589 (10th Cir. 2006)). Courts in this District have granted limited discovery in cases with similar disputes over the proper venue. *See Delta Elecs., Inc.*, 724 F. Supp. 3d at 656; *Synopsys, Inc. v. Real Intent, Inc.*, 1:25-cv-00441-DAE, ECF No. 28 (W.D. Tex. May 14, 2025); *The Board of Regents of the University of Texas System v. Alnylam Pharmaceuticals Inc. et al*, 1:24-cv-01524-DAE, ECF No. 55 (W.D. Tex. July 1, 2025).

## I. Ginko has a legitimate basis for seeking trial in this District.

Ginko contends that venue is proper because Apple maintains substantial operations in this District and because infringement occurred here.

## II. Apple's Motion to Transfer raises factual disputes.

Apple's motion raises factual disputes regarding the location of key witnesses, sources of proof, and connections to the Western District of Texas and the Northern District of California because it relies on (1) conclusory internal declarations made by Apple employees; (2) self-reporting about lack of relevant Texas connections; and (3) statements about the physical and electronic location of evidence and employees that require independent verification.

## III. Additional factual development is necessary to resolve the issue.

Additional factual development, such as the location of relevant employees, operations, and documents; the extent of Apple's business activities in this District related to the accused functionality; and the role of third parties connected to the accused functionality, is necessary to resolve these contested and material issues of venue determination.

## IV. Courts within this District have permitted limited requests for production in venue discovery.

In *The Bd. of Regents of the Univ. of Texas Sys.*, the court permitted Plaintiff to serve ten requests for production as part of the limited venue discovery. 1:24-cv-01524-DAE, ECF No. 55. While the *Synopsys* court ordered that Plaintiff's ten proposed requests for production were too broad and burdensome (see *Synopsys, Inc.*, 1:25-cv-00441-DAE, ECF No. 28), here, as reflected at p.11-12 of Ex. 1, Ginko proposes serving only five requests, each of which are narrowly tailored to the specific functionality that is at issue and the issues that Apple raises in its motion.

## CONCLUSION

For the foregoing reasons, Ginko respectfully requests that it be given leave to conduct the limited discovery proposed in Exhibit 1, and that the deadline for its response to the Motion to Transfer be extended until 14 days after the close of such discovery.

Dated: July 28, 2025

Respectfully Submitted,

*/s/ Michael C. Smith*

**SCHEEF & STONE LLP**

Michael C. Smith
State Bar No.: 18650410
Michael.Smith@solidcounsel.com
113 East Austin St.
Marshall, TX 75670
Phone: 903.938.8900

**HUSCH BLACKWELL LLP**

Rudolph A. Telscher, Jr. (pro hac vice)
rudy.telscher@huschblackwell.com
8001 Forsyth Blvd, Suite 1500
St. Louis, MO 63105
314-380-1500 Telephone

Jeffer Ali (pro hac vice)
Jeffer.Ali@huschblackwell.com
80 South Eighth Street, Suite 4800
Minneapolis, MN 55402
612-852-3610 Telephone

**THE SIMON LAW FIRM, P.C.**

Anthony G. Simon (pro hac vice)
800 Market Street, Suite 1700
St. Louis, Missouri 63101
Phone: (314) 241-2929
Fax: (314) 241-2029
asimon@simonlawpc.com

***Attorneys for Plaintiff Ginko, LLC***

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that on July 28, 2025, all counsel of record who have appeared in this case are being served with a copy of the foregoing that the Court's CM/ECF system.

*/s/ Michael C. Smith*
Michael C. Smith