**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| GINKO, LLC,<br>Plaintiff,<br>v.<br>APPLE, INC.,<br>Defendant. | Civil No. 1-24-cv-01279 |

**PLAINTIFF GINKO, LLC'S FIRST SET OF INTERROGATORIES**
**TO DEFENDANT APPLE, INC.**

Pursuant to Federal Rules of Civil Procedure 33, Plaintiff hereby propounds the following interrogatories to Defendant Apple, Inc., to be answered under oath within thirty (30) of the date of service hereof.

**INSTRUCTIONS**

1. Each Interrogatory is to be answered fully based on information in your possession, custody, or control, or in the possession, custody, or control of your representatives, agents, or attorneys.

2. These Interrogatories are continuing requests. You must promptly supplement or correct any response to any Interrogatory below if you determine or learn that a prior response is or was in some respect incomplete or incorrect.

3. If you claim a privilege with regard to any information requested in the Interrogatories below, you must nevertheless provide all responsive information to the extent such information is not subject to your claim of privilege.

Exhibit
1
exhibitsticker.com

## DEFINITIONS

The following definitions apply to the Instructions above, to the Interrogatories below and to these Definitions. The following definitions shall apply to the word defined whether or not the word is capitalized in the Instructions above, in the Interrogatories below or in these Definitions. The following definitions shall apply to the word defined in all of its tenses. The singular form of any word includes the plural and vice-versa.

A. "And" includes "or" and vice-versa.

B. “Communication” means all discussions, conversations, negotiations, inquiries, agreements, understandings, meetings and telephone conversations, as well as letters, confirmations, correspondence, notes, facsimiles, e-mails and other documents or records to or from any person whether transmitted in writing, orally, electronically or by any other means.

C. "Document" or “document” means, without limitation, the following, including all drafts thereof, whether such items are typed, printed, recorded, stored in or on computer tapes, drives, servers or disks and whether printed, reproduced by mechanical means, copied or written by hand: E-mails, agreements, contracts, letters of intent, memoranda of understanding, licenses, assignments, handwritten notes, communications, correspondence, interoffice communications, text messages, notices, rules, regulations, directives, memoranda, statements, records, reports, studies, test results, test data and telemetry, books, telephone logs, telephone records, summaries of telephone conversations, diaries, desk calendars, daily planners, forecasts, orders, bills, receipts, invoices, purchase orders, checks, bids, bid proposals, statistical statements, books of account, prospectuses, offers, graphs, charts, indexes, data sheets, analytical records, minutes of meetings and conferences, records of meetings and conferences, reports of meetings and conferences, summaries of interviews, reports of consultants, opinions of consultants, appraisals,

negotiation summaries, brochures, lists, periodicals, pamphlets, circulars, manuals, grade letters, newspaper clippings, websites, internet pages, advertisements, films, videotapes, computer simulations, catalogues, press releases, notes, projections, drafts of documents, working papers, copies, marginal notations, photographs, drawings, tape recordings, and all other written, printed, recorded or graphic matter, photographic matter, or sound reproductions however produced of reproduced.

(a) When originals are not available, “document” shall refer to the copy of the original, and shall include any copies which have been changed or which contain additional writings, marginalia or notes; and

(b) A draft or non-identical copy is a separate document within the meaning of “document.”

D. "Each" includes "every" and vice-versa.

E. “Electronically Stored Information” or “ESI” means any type of information that is created, manipulated, communicated, or stored electronically, without regard to the particular medium in or on which such information is stored, and it includes, without limitation, all information that can be obtained and examined with the use of computer hardware and software.

F. "Identify" with respect to a person means to give, to the extent known, the person's (a) full name; (b) present or last known address; and (c) current or last known place of employment.

G. "Identify" with respect to a document means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s). In the alternative, the responding party may produce the

documents, together with identifying information sufficient to satisfy Rule 33 of the Federal Rules of Civil Procedure.

H. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity, organization, or association.

I. "Relate" "related" or "relating" means, in addition to their usual and customary meanings, concerning, referring to, reflecting, regarding, pertaining to, addressing, discussing, alluding to, describing, evidencing, constituting, or otherwise having any logical or factual connection with the subject matter addressed.

**INTERROGATORIES**

**INTERROGATORY NO. 1**

Identify any Apple employees and teams that had or currently have any involvement in the research, design, development, and marketing of NameDrop and any related interoperable functionality, including but not limited to conduct by the Network Frameworks and Sharing team; eSim, NFC, and SE team; Central Finance team; OS Product Marketing team; and the IP Transactions team, and where those employees and teams are located and reside.

**RESPONSE:**

**INTERROGATORY NO. 2**

State whether any of Apple's employees and teams, past or present, involved in the research, design, development, or marketing of NameDrop and any related interoperable functionality currently reside in Texas or resided in Texas at any time during the research and development of NameDrop and any related interoperable functionality.

**RESPONSE:**

**INTERROGATORY NO. 3**

State whether Apple conducts or ever conducted any research, design, development, or marketing of NameDrop and any related interoperable functionality in the State of Texas.

**RESPONSE:**

**INTERROGATORY NO. 4**

Identify all custodians of record regarding the research, design, development, and marketing of NameDrop and any related interoperable functionality, including where those custodians are located, and if physically stored in a specific location, where such records are stored.

**RESPONSE:**

**INTERROGATORY NO. 5**

State whether any documents, including electronic files, generated by Apple for the research, design, development, or marketing of NameDrop and any related interoperable functionality are stored in the State of Texas, and if electronically stored, if they are not readily accessible in the State of Texas.

**RESPONSE:**

Dated: July 23, 2025

Respectfully Submitted,

*/s/* ______________________________

**SCHEEF & STONE LLP**

Michael C. Smith
State Bar No.: 18650410
Michael.Smith@solidcounsel.com
113 East Austin St.
Marshall, TX 75670
Phone: 903.938.8900

**HUSCH BLACKWELL LLP**

Rudolph A. Telscher, Jr. (pro hac vice)
rudy.telscher@huschblackwell.com
8001 Forsyth Blvd, Suite 1500
St. Louis, MO 63105
314-380-1500 Telephone

Jeffer Ali (pro hac vice)
Jeffer.Ali@huschblackwell.com
80 South Eighth Street, Suite 4800
Minneapolis, MN 55402
612-852-3610 Telephone

**THE SIMON LAW FIRM, P.C.**

Anthony G. Simon (pro hac vice)
Jeremiah W. Nixon (pro hac vice)
1001 Highlands Plaza Dr., Suite 300
St. Louis, Missouri 63110
Phone: (314) 241-2929
Fax: (314) 241-2029
asimon@simonlawpc.com
jnixon@simonlawpc.com

***Attorneys for Plaintiff Ginko, LLC***

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that on July 23, 2025, all counsel of record who have appeared in this case are being served with a copy of the foregoing that the Court's CM/ECF system.

______________________________

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| GINKO, LLC,<br><br>Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br><br>Defendant. | Civil No. 1-24-cv-01279 |

**PLAINTIFF GINKO, LLC'S FIRST REQUESTS FOR PRODUCTION**
**OF DOCUMENTS TO DEFENDANT APPLE, INC.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Ginko, LLC ("Ginko"), by and through its undersigned counsel, hereby requests that Defendant Apple, Inc. ("Plaintiff") produce the documents requested below, in accordance with the Definitions and Instructions herein within thirty (30) days of service.

## INSTRUCTIONS

1. These Requests for Production are continuing requests. You must promptly supplement or correct any response to any answer below if you determine or learn that a prior response is or was in some respect incomplete or incorrect.

2. If you claim a privilege with regard to any information requested in the Requests for Production below, you must nevertheless provide all responsive information to the extent such information is not subject to your claim of privilege.

## DEFINITIONS

The following definitions apply to the Instructions above, to the Requests below and to these Definitions. The following definitions shall apply to the word defined whether or not the word is capitalized in the Instructions above, in the Request below or in these Definitions. The

following definitions shall apply to the word defined in all of its tenses. The singular form of any word includes the plural and vice-versa.

A. "And" includes "or" and vice-versa.

B. “Communication” means all discussions, conversations, negotiations, inquiries, agreements, understandings, meetings and telephone conversations, as well as letters, confirmations, correspondence, notes, facsimiles, e-mails and other documents or records to or from any person whether transmitted in writing, orally, electronically or by any other means.

C. "Document" or “document” means, without limitation, the following, including all drafts thereof, whether such items are typed, printed, recorded, stored in or on computer tapes, drives, servers or disks and whether printed, reproduced by mechanical means, copied or written by hand: E-mails, agreements, contracts, letters of intent, memoranda of understanding, licenses, assignments, handwritten notes, communications, correspondence, interoffice communications, text messages, notices, rules, regulations, directives, memoranda, statements, records, reports, studies, test results, test data and telemetry, books, telephone logs, telephone records, summaries of telephone conversations, diaries, desk calendars, daily planners, forecasts, orders, bills, receipts, invoices, purchase orders, checks, bids, bid proposals, statistical statements, books of account, prospectuses, offers, graphs, charts, indexes, data sheets, analytical records, minutes of meetings and conferences, records of meetings and conferences, reports of meetings and conferences, summaries of interviews, reports of consultants, opinions of consultants, appraisals, negotiation summaries, brochures, lists, periodicals, pamphlets, circulars, manuals, grade letters, newspaper clippings, websites, internet pages, advertisements, films, videotapes, computer simulations, catalogues, press releases, notes, projections, drafts of documents, working papers, copies, marginal notations, photographs, drawings, tape recordings, and all other written, printed,

recorded or graphic matter, photographic matter, or sound reproductions however produced of reproduced.

(a) When originals are not available, "document" shall refer to the copy of the original, and shall include any copies which have been changed or which contain additional writings, marginalia or notes; and

(b) A draft or non-identical copy is a separate document within the meaning of "document."

D. "Each" includes "every" and vice-versa.

E. "Electronically Stored Information" or "ESI" means any type of information that is created, manipulated, communicated, or stored electronically, without regard to the particular medium in or on which such information is stored, and it includes, without limitation, all information that can be obtained and examined with the use of computer hardware and software.

F. "Person" means any natural person or any legal entity, including but not limited to any business or governmental entity, organization, or association.

G. "Relate," "related," or "relating" means, in addition to their usual and customary meanings, concerning, referring to, reflecting, regarding, pertaining to, addressing, discussing, alluding to, describing, evidencing, constituting, or otherwise having any logical or factual connection with the subject matter addressed.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Produce documents sufficient to identify all Apple employees and teams, both past and present, who have or had knowledge of or are or have been involved in the research, design, development, or marketing of NameDrop and any related interoperable functionality.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

Produce documents sufficient to identify any custodians of record, both past and present, for the research, design, development, or marketing of NameDrop and any related interoperable functionality and where such custodian of record is located.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

Produce all documents that document or reflect Apple's conduct in the State of Texas regarding NameDrop and any related interoperable functionality, including but not limited to documents which document or reflect the research, design, development, and marketing of NameDrop and any related interoperable functionality.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

Produce all contracts or agreements with any third party that Apple worked with to research, design, develop, or market NameDrop and any related interoperable functionality.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

Produce unredacted copies of all Orders from the Western District of Texas in which (1) Apple was a party regarding any Motion to Transfer Venue filed by Apple; and (2) Apple submitted a declaration which (a) discussed in any way NameDrop and any related interoperable functionality, or (b) which was a declaration by Alejandro Rodriguez, Gordon Scott, or Catherine Spevak, the affiants who signed declarations in this cause of action.

**RESPONSE:**

Dated: July 24, 2025

Respectfully Submitted,

/s/ ______________________________

**SCHEEF & STONE LLP**

Michael C. Smith
State Bar No.: 18650410
Michael.Smith@solidcounsel.com
113 East Austin St.
Marshall, TX 75670
Phone: 903.938.8900

**HUSCH BLACKWELL LLP**

Rudolph A. Telscher, Jr. (pro hac vice)
rudy.telscher@huschblackwell.com
8001 Forsyth Blvd, Suite 1500
St. Louis, MO 63105
314-380-1500 Telephone

Jeffer Ali (pro hac vice)
Jeffer.Ali@huschblackwell.com
80 South Eighth Street, Suite 4800
Minneapolis, MN 55402
612-852-3610 Telephone

**THE SIMON LAW FIRM, P.C.**

Anthony G. Simon (pro hac vice)
Jeremiah W. Nixon (pro hac vice)
1001 Highlands Plaza Dr., Suite 300
St. Louis, Missouri 63110
Phone: (314) 241-2929
Fax: (314) 241-2029
asimon@simonlawpc.com
jnixon@simonlawpc.com

***Attorneys for Plaintiff Ginko, LL***

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that on July 24, 2025, all counsel of record who have appeared in this case are being served with a copy of the foregoing that the Court's CM/ECF system.

____________________________