IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

GINKO, LLC,                              §
               Plaintiff,            §
V.                                       §     A-24-CV-1279-DAE
                                         §
APPLE, INC.,                             §
               Defendant.           §

## ORDER

Plaintiff's Opposed Motion for Leave to Conduct Venue Discovery and Extension Of Time to Respond to Defendant's Motion to Transfer (Dkt. 43) and all related briefing is before the court. Dkts. 45, 46, 48, 49, 50.[1]

Ginko alleges numerous Apple products that include Apple's "NameDrop" feature infringe a single patent. Dkt. 29 ("FAC"). Apple has moved to transfer the case to the Northern District of California, for the convenience of the parties and witnesses, under 28 U.S.C. § 1404(a). Dkt. 42. Ginko seeks to serve Apple with five interrogatories, five requests for production, and request 10 hours of deposition testimony and seeks to extend its deadline to respond to the motion to transfer until 14 days after that discovery is complete.

Apple opposes the motion, arguing that Ginko relies on a standard for taking venue discovery in response to a motion to dismiss and Ginko has not met the proper standard. Apple also argues Ginko seeks discovery related to "NameDrop and any related interoperable functionality" without defining the scope of "any related interoperable functionality." If the court allows discovery, Apple contends it should be limited to  5 interrogatories and 10 hours of

---

[1] The motion was referred by United States Senior District Judge David Ezra to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Text Order Dated August 1, 2025.

deposition time and that Ginko should be required to serve its interrogatories within 24 hours of the court's order on its motion.

"A district court is within its discretion to deny [venue] discovery when there is no indication of fraud or misconduct in the defendant's affidavits, and there is no reason to believe that additional information would alter the outcome." *Optic153 LLC v. Thorlabs Inc.*, No. 6:19-CV-00667-ADA, 2020 WL 3403076, at *4 (W.D. Tex. June 19, 2020). However, *Optic153* does not limit venue discovery in all cases to only circumstances where there is an indication of fraud or misconduct in the defendant's affidavits. A district court has "broad discretion in all discovery matters," and "such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000). "As the party opposing [transfer] and requesting discovery, the plaintiffs bear the burden of demonstrating the necessity of discovery." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014) (quoting *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013)).

As the parties' briefing indicates, different judges in this district have taken different stances on venue discovery in different cases, depending on the circumstances of the case. In disputes as important to the parties—and as one-sided—as venue, the undersigned finds that the party with the least amount of information should be able to test the declarations or affidavits of the party challenging venue with limited, targeted discovery.

The undersigned has reviewed Ginko's proposed discovery and finds it narrowly tailored to the venue issue. As such, the undersigned will allow Ginko's proposed venue discovery. However, the undersigned agrees with Apple that the phrase "any related interoperable functionality" used in Ginko's request is vague. Ginko is ordered to define that phrase.

Finally, the court notes that nearly all of Ginko's requests would likely be served upon Apple even if the case were in the Northern District of California, as all are basic requests.[2] Thus, Apple would eventually have to respond to these requests regardless of whether this motion is granted and regardless of whether the case is transferred. If Apple had not opposed Ginko's motion, venue discovery would be nearly finished, and Apple would be that much closer to getting a ruling on its transfer motion.

Accordingly, the court **GRANTS** Plaintiff's Opposed Motion for Leave to Conduct Venue Discovery and Extension Of Time to Respond to Defendant's Motion to Transfer (Dkt. 43). Ginko may proceed with its discovery requests, but that Ginko must define the term "any related interoperable functionality." Ginko is allowed five interrogatories, five requests for production, and ten total hours of depositions. Ginko shall serve its requests for production and interrogatories within 24 hours of this Order, and Apple shall serve its responses within 14 days of service. Ginko shall complete its depositions within 14 days of Apple's deadline to respond to the written discovery. Ginko will have 14 days after the close of this limited discovery to respond to Apple's Motion to Transfer Venue.

SIGNED August 21, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE

---

[2] This does not include RFP 5. The court presumes that a broader version of RFP 3 would also likely be served in N.D. Cal., without the limitation that documents reflecting the research, design, development, and marketing of NameDrop and any related interoperable functionality reflect Apple's conduct in Texas.